WILSON TURNER KOSMO LLP
MERYL C. MANEKER (188342)
LETICIA C. BUTLER (253345)
OLIVIA J. MINER (306546)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
E-mail:  mmaneker@wilsonturnerkosmo.com
E-mail:  lbutler@wilsonturnerkosmo.com
E-mail:  ominer@wilsonturnerkosmo.com

STEVENS & LEE
ROBERT PAUL DONOVAN (*Admitted Pro Hac Vice*)
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
E-mail:  robert.donovan@stevenslee.com

STEVENS & LEE
MATTHEW C. BRUNELLI (*Admitted Pro Hac Vice*)
620 Freedom Business Center Drive, Suite 200
King of Prussia, Pennsylvania 19406
Telephone:  (215) 751-1955
E-mail:  matthew.brunelli@stevenslee.com

Attorneys for Defendant
ARIZONA BEVERAGES USA LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MILLER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:23-cv-03540-TLT<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1), 12(b)(6) AND 9(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  2/27/2024, 2:00 p.m.<br>Judge:  Hon.  Trina L. Thompson<br>Courtroom:  9<br><br>Trial Date:          March 31, 2025<br>Complaint Filed:  July 17, 2023 |

Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Trina L. Thompson, United States District Judge, at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 9, San Francisco, California, Defendant Arizona Beverages USA LLC ("ABUSA" or "Defendant"), will and hereby does move to dismiss Plaintiff's Class Action Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) on the following grounds:

1.      Plaintiff lacks Article III standing to pursue any of the claims asserted because Plaintiff failed to adequately plead an injury-in-fact.

2.      Plaintiff lacks standing to seek injunctive relief under Article III because he does not plausibly allege a real and immediate threat of future harm.

3.      All of Plaintiff's claims are based upon the same alleged unified course of fraudulent conduct, and hence are governed by Federal Rule of Civil Procedure 9(b). However, Plaintiff has failed to plead with the requisite particularity the "what," "where," "when," and "how" of ABUSA's alleged conduct as required by Rule 9(b).

4.      Plaintiff's first, second and third causes of action for violations of the Unfair Competition Law, Business & Professions Code § 17200 ("UCL"), California's False Advertising Law, Business & Professions Code § 17500 ("FAL"), and California's Consumers Legal Remedies Act, Civil Code § 1750 ("CLRA") fail to plead facts establishing that a "reasonable consumer" is likely to be deceived by Defendant's conduct.

5.      The cause of action for violation of the unfair prong of the UCL, contained in Plaintiff's first cause of action, fails to allege facts that would constitute unfair conduct based upon any of the generally recognized standards under California law.

6.      The cause of action for violation of the unlawful prong of the UCL, contained in Plaintiff's first cause of action, fails because Plaintiff failed to properly plead a predicate violation of the law.

Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7. The third cause of action, alleging violations of the CLRA, based on the assertions that Defendant's label misrepresented the product, fails because it is inadequately pled by not including sufficient factual allegations.

8. Plaintiff fails to state a claim for equitable relief, in the form of restitution, because he does not assert that he has no adequate remedy at law.

9. The cause of action for breach of express warranty, contained in Plaintiff's fourth cause of action, failed to properly plead a breach of express warranty claim because Plaintiff did not identify any specific and unequivocal statement.

10. The cause of action for breach of implied warranty, contained in Plaintiff's fourth cause of action, fails because: (a) Plaintiff lacks vertical privity with ABUSA; and (b) Plaintiff did not adequately plead that the product at issue in this case is not merchantable or not fit for a particular purpose.

11. Plaintiff's fifth cause of action for unjust enrichment fails as a matter of law because: (a) California does not recognize this cause of action; (b) it is duplicative of other claims in the Complaint; and (c) the claim is insufficiently pled.

12. The Complaint does not plead any basis for the recovery of punitive damages which are nonetheless sought in Plaintiff's prayer for relief.

This motion is based upon this notice of motion and memorandum of points and authorities, the record in this action, and all matters in which the Court may take notice and any arguments presented at the time of hearing.

Dated:  11/14/2023

**STEVENS & LEE**

By:   */s/ Matthew C. Brunelli*
          ROBERT PAUL DONOVAN
          MATTHEW C. BRUNELLI

**WILSON TURNER KOSMO LLP**
          MERYL C. MANEKER
          LETICIA C. BUTLER
          OLIVIA J. MINER
          *Attorneys for Defendant*
          ARIZONA BEVERAGES USA LLC

Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## **TABLE OF CONTENTS**

2  I.    SUMMARY OF ARGUMENT/STATEMENT OF ISSUES
3         PRESENTED ............................................................................... 1

4  II.   PROCEDURAL HISTORY ........................................................... 3

5  III.  ARGUMENTS AND AUTHORITIES ........................................... 3

6         A.    Plaintiff Lacks Article III Standing Because Plaintiff Failed To
7               Plead  Injury-In-Fact.......................................................... 3

8         B.    Plaintiff Lacks Article III Standing To Seek Injunctive Relief
9               Because There Are No Plausible Allegations Of Actual And
               Imminent Future Injury ...................................................... 5

10
11        C.    Plaintiff's Claims Are Subject To The Heightened Pleading
               Standard Of Rule 9(b) But Fail To Allege The Requisite
12              Particularity........................................................................ 7

13        D.    Plaintiff Fails To State A Claim Upon Which Relief Can Be
14              Granted ................................................................................ 9

15              1.    Plaintiff's Claims For Violations Of The UCL, FAL, And
                     CLRA Fail To Allege Facts That Would Establish A
16                   Reasonable Person Is Likely To Be Deceived By
17                   ABUSA'S Conduct .................................................. 10

18              2.    The UCL Claim, For Unfair Conduct, In Count One,
19                   Fails to Plead Required Facts To State A Claim..................... 14

20              3.    The UCL Claim For Unlawful Conduct Fails Because
                     Plaintiff Does Not Plead A Predicate Violation Of The
21                   Law....................................................................... 15

22              4.    Plaintiff's CLRA Cause Of Action Fails To State A
23                   Claim Because It Is Inadequately Pled.................................... 16

24              5.    Plaintiff Fails To State A Claim For Equitable Relief As
25                   He Has Not Plead He Lacks An Adequate Remedy At
                     Law....................................................................... 17
26
27              6.    Plaintiff Failed To Properly Plead A Breach Of Express
                     Warranty Claim ...................................................... 18
28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.    Plaintiff's Implied Warranty Claim Fails Because Plaintiff Lacks Vertical Privity With ABUSA .......................... 20

8.    Plaintiff's Implied Warranty Claim Fails For Three Additional Reasons ................................................................... 20

9.    Plaintiff Fails To State A Claim For Unjust Enrichment As: (a) No Such Cause Of Action Exists; (b) It Is Duplicative Of Other Claims; And (c) Lacks Requisite Facts ......................................................................................... 22

10.   The Complaint Does Not Plead Any Basis for the Recovery of Punitive Damages ................................................. 23

IV.   CONCLUSION ........................................................................................... 24

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Almeida v. Apple, Inc.*,
   No. 21-CV-07109-VC, 2022 WL 1514665 (N.D. Cal. May 13, 2022)............. 18

*Altman v. PNC Mortg.*,
   850 F.Supp.2d 1057 (E.D. Cal. 2012).................................................................. 23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 10

*Astiana v. Hain Celestial*,
   783 F.3d 753 (9th Cir. 2015)............................................................................... 22

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)..................................... 9

*Brousseau v. Jarrett*,
   73 Cal.App.3d 864 (1977).................................................................................... 23

*Brown v. Food for Life Baking Co.*,
   No. 21-CV-10054-TLT, 2023 WL 2637407 (N.D. Cal. Feb. 28, 2023) ........... 24

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
   631 F.3d 939 (9th Cir. 2011)................................................................................. 5

*Cimoli v. Alacer Corp.*,
   546 F. Supp. 3d 897 (N.D. Cal. 2023) ........................................................... 6, 21

*City of Arcadia v. U.S. Env't. Prot. Agency*,
   411 F.3d 1103 (9th Cir. 2005).............................................................................. 10

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ................................................................................................ 5

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ............................................................................................... 5

*Clark v. Perfect Bar, LLC*,
   No. 18-CV-06006-WHA, 2018 WL 7048788 (N.D. Cal. Dec. 21,
   2018)..................................................................................................................... 11

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Cruz v. Anheuser-Busch, LLC*,
    No. 14-CV-09670-AB-AS, 2015 WL 3561536 (C.D. Cal. June 3,
    2015) ........................................................................................................... 11, 12

*Davidson v. Kimberly-Clark Corporation*,
    889 F.3d 956 (9th Cir 2018) ........................................................................ 5, 6, 7

*DeArmey v. Hawaiian Isles Kona Coffee Co.*,
    No 8:19-CV-00432, 2019 WL 6723413 (C.D. Cal., July 22, 2019) ................ 20

*Dinan v. SanDisk LLC*,
    2020 WL 364277 (N.D. Cal. Jan. 22, 2020), *aff'd* 844 F. App'x 978
    (9th Cir. 2021) ................................................................................................. 10

*Dist. Council 16 N. California Health & Welfare Tr. Fund v. Hulsey*
    *Contracting Inc.*,
    No. 20-CV-02863-JCS, 2021 WL 2778996 (N.D. Cal. July 2, 2021) ................ 3

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ............................................................................ 10

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ......................................................................... 10

*Garrison v. Whole Foods Market Group, Inc.*,
    13-cv-05222-VC, 2014 WL 2451290 (N.D. Cal. June 2, 2014) ...................... 18

*Groupion, LLC v. Groupon, Inc.*,
    859 F. Supp. 2d 1067 (N.D. Cal. 2012) ........................................................... 24

*Hanscom v. Reynolds Consumer Prod. LLC*,
    No. 21-CV-03434-JSW, 2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ............. 18

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................ 7, 9

*Lamke v. Sunstate Equip. Co., LLC*
    387 F. Supp. 2d 1044 (N.D. Cal. 2004) ........................................................... 22

*In re Lidoderm Antitrust Litig.*,
    103 F. Supp. 3d 1155 (N.D. Cal. 2015) ........................................................... 22

*Liou v. Organifi, LLC*,
    491 F.Supp.3d 740 (S.D. Cal. 2020) .......................................................... 20, 21

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Lopes v. Washington Mut. Bank, FA*,
   302 F.3d 900 (9th Cir. 2002) ............................................................. 15

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ............................................................. 4

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ................................................................. 12

*Moran v. Edgewell Personal Care, LLC*,
   No. 21-CV-07669-RS, 2022 WL 3046906 (N.D. Cal., Aug. 2, 2022) .............. 20

*Nacarino v. Chobani, LLC*,
   No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ........... 18

*Nacarino v. KSF Acquisition Corp.*,
   642 F.Supp.2d 1074,1085-86 (N.D. Cal. 2002) ...................................... 19

*Naimi v. Starbucks Corp.*,
   798 F. App'x 67 (9th Cir. 2019) ............................................................ 4

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) .................................................................. 7

*In Re Njoy, Inc. Consumer Class Action Litigation*,
   2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ....................................... 9

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) ............................................................ 23

*Rahman v. Mott's LLP*,
   13-cv-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ................. 5, 7

*Robie v. Trader Joe's Co.*,
   2021 WL 2548960 (N.D. Cal. June 14, 2021) ........................................ 22

*Roffman v. Rebbl, Inc.*,
   No. 22-CV-05290-JSW ..................................................................... 17

*Saldate v. Wilshire Credit Corp.*,
   686 F.Supp.2d 1051 (E.D. Cal. 2010) .................................................. 13

*Scheibe v. Livwell Products, LLC*,
   23-cv-00216-MMA, 2023 WL 4414580 (S.D. Cal. July 7, 2023) ................ 8

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Scheibe v. Performance Enhancing Supplements, LLC,*
   3:23-cv-00219-H-DDL, 2023 WL 3829694 (S.D. Cal. June 5, 2023) ............ 7, 8

*Schippell v. Johnson and Johnson Consumer, Inc.,*
   No. 23-CV-00410-JGB, 2023 WL 6178485 (C.D. Cal. August 7,
   2023)................................................................................................................... 4, 5

*Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC,*
   552 F. Supp. 3d 901 (N.D. Cal. 2021) ................................................................ 3

*Sharma v. Volkswagen AG,*
   524 F. Supp. 3d 891 (N.D. Cal. 2021) .............................................................. 18

*Sonner v. Premier Nutrition Corporation,*
   971 F.3d 834 (9th Cir. 2020)....................................................................... 17, 18

*Stewart v. Kodiac Cakes, LLC,*
   537 F.Supp.3d 1103 (S.D. Cal. 2021)................................................. 6, 10, 14, 15

*Sultanis v. Champion Petfoods USA Inc.,*
   No. 21-CV-00162-EMC, 2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) ............ 3

*Troyk v. Farmers Crp., Inc.,*
   171 Cal. App. 4th 1305 (2009)........................................................................ 23

*Truxel v. General Mills Sales, Inc.,*
   No. 16-CV-04957, 2019 WL 3940956 (N.D. Cal. Aug. 13, 2019) ............ 11, 17

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003)........................................................................ 7, 8

*Vitiosus v. Alani Nutrition, LLC,*
   No. 21-cv-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5,
   2022)................................................................................................................... 6

*Watkins v. MGA Entertainment, Inc.,*
   550 F.Supp.3d 815 (N.D. Cal. 2021) .......................................................... 19, 21

**Statutes**

California's Consumers Legal Remedies Act, Civil Code § 1750 .................. *passim*

California's False Advertising Law, Business & Professions Code §
   17500 ............................................................................................................ *passim*

-vi-         Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Unfair Competition Law, Business & Professions Code § 17200 .................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(1) ............................................................. 1, 3

Federal Rules of Civil Procedure 12(b)(6) ...................................................... 1, 9, 24

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. <u>SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED</u>

Defendant Arizona Beverages USA LLC ("Defendant" and/or "ABUSA"), moves to dismiss the Class Action Complaint (ECF No. 1, at times, "Complaint" or "Compl."), filed by Plaintiff Andre Miller ("Plaintiff") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6). Plaintiff claims that ABUSA intentionally misrepresents the sugar and calorie content of its Arnold Palmer Half & Half Iced Tea Lemonade Product that contains the word "Lite" on the front label (the "Miller Product"). According to Plaintiff, the use of the word "Lite" is a representation that the Miller Product is low in sugar and calories or lower in sugar and calories than comparable beverages. (*See* ECF No. 1, ¶¶ 21, 23, 39, 41). Plaintiff further claims that the Miller Product is actually high in sugar and in calories. (*See id.*) Thus, Plaintiff claims ABUSA's use of "lite" is misleading. (*See id.*) Plaintiff makes these allegations despite the fact that the label on the Miller Product contains no statements regarding the amount of sugar or calories in the product and clearly provides the actual sugar and calorie amounts. (*See id.* at ¶¶ 7, 22, 46). In his Complaint, Plaintiff asserts five "claims" which contain approximately eight causes of action. The entire Complaint should be dismissed as each of the causes of action fail for the following reasons:

- Plaintiff lacks Article III standing to pursue any claims because Plaintiff failed to adequately plead an injury-in-fact. Should the Court determine that the Complaint adequately pleads an injury-in-fact, Plaintiff nonetheless cannot recover injunctive relief since he does not allege a real and immediate threat of future harm.

- All of Plaintiff's claims are based upon the same alleged unified course of fraudulent conduct – that ABUSA falsely represents the amount of sugar and calories in the Miller Product, and hence all claims in the Complaint are governed by Federal Rule of Civil Procedure 9(b). However, Plaintiff has failed to particularize the "what," "where," "when," and "how" of ABUSA's alleged conduct as required by Rule 9(b).

- Plaintiff's first, second and third causes of action for violations of the Unfair Competition Law, Business & Professions Code § 17200 ("UCL"), California's

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  False Advertising Law, Business & Professions Code § 17500 ("FAL"), and

2  California's Consumers Legal Remedies Act, Civil Code § 1750 ("CLRA") fail to plead

3  facts establishing that a "reasonable consumer" is likely to be deceived by Defendant's

4  conduct.

5  • The claims for violations of the unfair and unlawful prongs of the UCL,

6  contained in the first cause of action, independently fail. First, Plaintiff failed to allege

7  facts that would constitute unfair conduct based upon any of the generally recognized

8  standards under California law. Second, since Plaintiff did not properly plead a

9  predicate violation of the law, the unlawful prong is not met.

10  • The third cause of action, alleging violation of the CLRA, based on

11  allegations that Defendant's label misrepresented the product, fails because it is

12  inadequately pled by not including sufficient factual allegations.

13  • Plaintiff fails to state a claim for equitable relief, in the form of restitution

14  and/or unjust enrichment, because he does not assert that an inadequate remedy at law

15  exists.

16  • Plaintiff failed to properly plead a breach of express warranty claim

17  because Plaintiff did not identify any specific and unequivocal statement.

18  • Plaintiff's implied warranty claim fails because: (a) Plaintiff lacks vertical

19  privity with ABUSA; (b) Plaintiff did not adequately plead that the Miller Product is

20  not merchantable or not fit for a particular purpose; and (c) Plaintiff failed to establish

21  an express warranty.

22  • Plaintiff's unjust enrichment claim fails as a matter of law because: (a)

23  California does not recognize this cause of action; (b) it is duplicative of other claims

24  in the Complaint; and (c) the claim is insufficiently pled.

25  • The Complaint does not plead any basis for the recovery of punitive

26  damages.

27

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. **PROCEDURAL HISTORY**

Plaintiff filed the Complaint on July 17, 2023.  (ECF No. 1.)  As noted, Plaintiff alleges that the label on the Miller Product is deceptive because the use of "lite" indicates a product low in sugar or calories and the Miller Product is not.  (ECF No. 1, ¶¶ 21-23, ¶¶ 28-30, ¶¶ 39-41, ¶¶ 95-97, ¶¶ 102-103).  Plaintiff makes these allegations even though the Miller Product's label does not represent the product as being "low in sugar" or "low in calories" and clearly states the actual sugar and caloric content.  (ECF No. 1, ¶¶ 7, 22, 46).  Plaintiff alleges violations of the UCL based upon "unfair," "fraudulent," and "unlawful" conduct (*Id.*, ¶¶ 89-99); the FAL (ECF No. 1, ¶¶ 100-104); and three sections of the CLRA (*Id.*, ¶¶ 105-109); as well as breaches of an alleged express warranty and the implied warranties of merchantability and fitness for a particular purpose (*Id.*, ¶¶ 110-123); and for unjust enrichment (*Id.*, ¶ 124).

## III. **ARGUMENTS AND AUTHORITIES**

### A. **Plaintiff Lacks Article III Standing Because Plaintiff Failed To Plead Injury-In-Fact**

Pursuant to the Federal Rules of Civil Procedure, "[a] Rule 12(b)(1) motion will be granted if the complaint, considered in its entirety, fails on its face to allege facts sufficient to establish subject matter jurisdiction." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *3 (N.D. Cal. Aug. 3, 2021).  "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC,* 552 F. Supp. 3d 901, 909 (N.D. Cal. 2021) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004));  *see also Dist. Council 16 N. California Health & Welfare Tr. Fund v. Hulsey Contracting Inc.*, No. 20-CV-02863-JCS, 2021 WL 2778996, at *4 (N.D. Cal. July 2, 2021) (stating "A plaintiff's standing under Article III of the United States Constitution is a component of subject matter jurisdiction properly challenged under Rule 12(b)(1)").

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Plaintiff's Complaint and each cause of action therein must be dismissed because

2    Plaintiff lacks Article III standing – a threshold issue – to pursue any claim.  *See Maya*

3    *v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("[T]he threshold question of

4    whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits

5    of his claim. Rather, the jurisdictional question of standing, precedes, and does not

6    require, analysis of the merits.") (internal quotation marks, brackets and citation

7    omitted).  To establish standing, a litigant must plead: "(1) an injury-in-fact; (2) a causal

8    connection between the injury and challenged conduct such that the injury is 'fairly

9    traceable' to the challenged action; and (3) redressability, in that it must be 'likely,' not

10   merely 'speculative' that the injury can be redressed by a favorable decision." *Schippell*

11   *v. Johnson and Johnson Consumer, Inc.*, No. 23-CV-00410-JGB, 2023 WL 6178485,

12   *7 (C.D. Cal. August 7, 2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

13   560–61 (1992)).

14   Here, Plaintiff solely alleges an economic injury in that he claims to have paid "a

15   premium price" that was "higher than similar products" that are "represented in a non-

16   misleading way." (ECF No. 1, ¶¶ 62, 63, 68.)  However, Plaintiff fails to identify any

17   such "similar products" much less their price to make plausible his conclusion that he

18   paid any "price premium." Accordingly, the Complaint fails to aver an injury-in-fact.

19   "Fundamentally, '[t]he bare recitation of the word 'premium' does not adequately allege

20   a cognizable injury.'" *Schippell*, 2023 WL 6178485, *8 (quoting *Naimi v. Starbucks*

21   *Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019)).  As *Naimi* held, alleging a price premium,

22   without more details, does not establish standing.  Rather, additional details must be

23   alleged including: (1) how much a plaintiff allegedly paid for the product, (2) the

24   amount a plaintiff would have paid for the product absent the alleged deception, (3)

25   whether the defendant, as opposed to a third-party, was responsible for any

26   overpayment, and (4) any other specific details concerning price premium. *Naimi*, 798

27   F. App'x at 70.  Because Plaintiff failed to "make a minimal factual, nonconclusory

28   showing in support of her price premium theory," Plaintiff lacks standing and thus, the

-4-                          Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Complaint should be dismissed in its entirety. *Schippell*, 2023 WL 6178485, *8 (citing

2    *Cahen v. Toyota Motor Corp.*, 717 F. App'x 720, 723-24 (9th Cir. 2017)).

3    **B.    Plaintiff Lacks Article III Standing To Seek Injunctive Relief Because**
        **There Are No Plausible Allegations Of Actual And Imminent Future**
4        **Injury**

5           As part of his UCL, FAL and CLRA claims, Plaintiff seeks injunctive relief.

6    (ECF No. 1, ¶ 99, ¶ 104, ¶ 109).  However, the only future "injury" Plaintiff alleges is

7    that he is "unable to rely on" the "representations" on the Miller Product and of "other

8    similar non-carbonated beverages that are represented as" being low or lower in sugar

9    and calories.  (*Id.* at ¶ 66).  Should the Court find Plaintiff sufficiently alleged standing

10   to assert the various causes of action in the Complaint, he still lacks standing to obtain

11   injunctive relief because he failed to allege a "real or immediate threat" exists that he

12   or she will be wronged again.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983);

13   *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o

14   establish standing to pursue injunctive relief . . . [plaintiff] must demonstrate a 'real

15   and immediate threat of repeated injury' in the future.").  The "'threatened injury must

16   be certainly impending to constitute injury in fact,' and  . . .  'allegations of possible

17   future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409

18   (2013) (internal citations omitted).   The alleged threat cannot be "conjectural" or

19   "hypothetical."  *Lyons*, 461 U.S. at 101-02; *see also Rahman v. Mott's LLP*, 13-cv-

20   03482-SI, 2018 WL 4585024, at *3 (N.D. Cal.  Sept. 25, 2018) (finding that, "[u]nlike

21   *Davidson,* where a consumer's inability to rely on packaging misrepresentations in the

22   future was the ongoing injury, [plaintiff] is able to rely on the packaging now that he

23   understands the 'No Sugar Added' label").

24          "[A] previously deceived consumer may have standing to seek an injunction

25   against *false* advertising or labeling, even though the consumer now knows or suspects

26   that the advertising was *false* at the time of the original purchase, because the consumer

27   may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

harm." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis supplied in *Davidson*).

However, the distinctive feature in *Davidson* was that the plaintiff pled an inability to rely on the product's label in the future because that plaintiff had no way of knowing the product was a flushable wipe until after purchase and use. *Id.* at 970-92; *see also Vitiosus v. Alani Nutrition, LLC,* No. 21-cv-2048-MMA (MDD), 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (stating that under *Davidson*, "Plaintiffs must plausibly allege that they will be deceived again").

In contrast to *Davidson*, Plaintiff here knows the actual amount of sugar and calories in the Miller Product. The statement of ingredients, along with the dual panel nutritional information, leaves no doubt as to its sugar and caloric content. Indeed, Plaintiff acknowledged that he is presently aware of how much sugar and how many calories are contained in the Miller Product. (ECF No. 1, ¶ 22, ¶ 28, ¶ 46). Plaintiff does not aver the sugar and calorie content as labeled on the Miller Product are false. Indeed, the foundation of Plaintiff's claims is built upon the fact that the sugar and caloric content as stated are true. Under these circumstances, merely pleading an inability to trust the labels in the future is not a plausible allegation of future harm. *See Vitiosus,* 2022 WL at *7 (dismissing injunctive relief claims for lack of standing as "[u]nlike the plaintiff in *Davidson*, Plaintiffs can ascertain whether Defendant's representation is true" by checking the nutrition facts); *see also Stewart,* 537 F. Supp. 3d at 1127 (ruling that the plaintiff did not establish Article III standing to seek injunctive relief because "[i]n the future, Plaintiffs can cross-check their previous disappointing purchases by examining the undisputed net weight on the face of Defendant's product" and the serving size on the nutrition facts label).

When a plaintiff can readily determine whether a representation is truthful, courts have not hesitated to dismiss claims for injunctive relief under *Davidson*. *See Cimoli v. Alacer Corp.,* 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023) (stating that *Davidson* plaintiff

-6-                    Case No. 3:23-cv-03540-TLT

1 | had Article III standing because that plaintiff had no way of determining whether the

2 | representation of flushable wipes was in fact true without purchasing the wipes, and

3 | finding that "unlike the plaintiff in *Davidson*, plaintiff has not (and cannot) reasonably

4 | claim that he has no way of determining whether Defendant's representations are true")

5 | (other citations and quotations omitted); *see also Rahman*, 2018 WL 4585024, at *3

6 | (N.D. Cal. Sept. 25, 2018).

7 | Because Plaintiff fails to assert a plausible claim of a real and immediate threat

8 | of future harm sufficient to confer standing, his claims for injunctive relief must be

9 | dismissed.

10 | **C.   Plaintiff's Claims Are Subject To The Heightened Pleading Standard Of Rule 9(b) But Fail To Allege The Requisite Particularity**

12 | In addition to failing to adequately plead standing, Plaintiff's Complaint

13 | completely fails to satisfy Rule 9(b)'s pleading requirements.  Rule 9(b) requires that

14 | "a party must state with particularity the circumstances constituting fraud or mistake."

15 | Fed. R. Civ. P. 9(b).  "The plaintiff must set forth what is false or misleading about a

16 | statement, and why it is false."  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106

17 | (9th Cir. 2003) (quotation omitted).  "The complaint must specify such facts as the

18 | times, dates, places, benefits received, and other details of the alleged fraudulent

19 | activity."  *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).

20 | To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the  who, what,

21 | when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*,

22 | 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted).

23 | Because Plaintiff's claims are based entirely upon the same course of alleged

24 | conduct (i.e. Defendant's alleged fraudulent misrepresentation that the Miller Product

25 | is falsely labeled as being low in sugar and calories) (ECF No. 1, ¶¶ 21, 23, 30, 39, 95-

26 | 97, 102, 106, 114, 115, 122, 124), all of Plaintiff's causes of action are governed by

27 | Rule 9(b).  *See Scheibe v. Performance Enhancing Supplements, LLC*, 3:23-cv-00219-

28 | H-DDL, 2023 WL 3829694, at * 3 (S.D. Cal. June 5, 2023). In *Performance Enhancing*

-7-                                  Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   *Supplements*, the court cited *Vess* in noting that "it is inconsequential that fraud is not

2   an element of some of Plaintiff's claims." *Id.* "[A]ll seven claims [UCL, FAL, CLRA,

3   unjust enrichment, and breach of express warranty] are grounded in fraud and subject

4   to Rule 9(b)'s heightened pleading requirement." *Id.*; *see also Scheibe v. Livwell*

5   *Products, LLC*, 23-cv-00216-MMA, 2023 WL 4414580, at *4 (S.D. Cal. July 7, 2023)

6   (noting, "[a]ll eight of Plaintiff's claims [Maryland Consumer Protection Act, UCL,

7   FAL, CLRA, unjust enrichment and breach of express warranty] stem from the central

8   allegation that Defendant engaged in deceptive practices through misleading labels on

9   the Products, and as such the Court finds that all eight claims sound in fraud and are

10   subject to Rule 9(b) scrutiny.")

11      As to the core purported misrepresentation that the Miller Product's label

12   misrepresents the amount of sugar and calories contained in the drink, Plaintiff offers

13   scant support for these allegations. He cursorily refers to: (1) an FDA warning letter

14   sent to a different company, dated over eight years ago, that addressed "low sugar"

15   claims (not "lite" claims); (2) various purported definitions of the word "lite" and; (3)

16   the general assertion that "lite" implies a product is low in sugar and calories. (ECF

17   No. 1, ¶¶ 8-11, ¶¶ 17-20, ¶ 32, ¶ 39). However, completely lacking from the Complaint

18   are any factual allegations that would establish the Miller Product's label contains false

19   information. Indeed, the opposite is true. As Plaintiff acknowledges, the label

20   accurately identifies the Miller Product's sugar and calorie content. (ECF No. 1, ¶¶ 22,

21   28, 46). Nowhere does Plaintiff aver (nor can he aver) that the Miller Product's label

22   falsely states the product is "low in sugar" or "low in calories."

23      Rather than plead any facts, Plaintiff makes numerous references to irrelevant

24   laws and regulations including the Food Drug and Cosmetic Act, as amended by the

25   Nutrition Labeling and Education Act ("NLEA"). However, the NLEA is not germane

26   to ABUSA's use of the term "LITE." For example, the Complaint references 21 C.F.R.

27   101.60. (ECF No. 1, ¶¶ 19-20, 32-33 and 91(b)). That section addresses nutrient

28   content claims made about a product's caloric and sugar content, and it regulates how

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  certain words or phrases may be used to make such claims. However, the Miller Product

2  contains no claims pertaining to caloric or sugar content. Moreover, § 101.60 does not

3  regulate usage of the term "LITE." Further, Plaintiff's averments regarding § 101.56,

4  which does generally regulate the term "LITE," amount to legal conclusions [*see* ECF

5  No. 1, at ¶¶ 31, 33] that this Court need not accept as true. *See Bell Atlantic Corp. v.*

6  *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation

7  omitted). Moreover, Plaintiff acknowledges that the Miller Product label informs

8  consumers, including Plaintiff, about the actual amount of sugar and calories the

9  beverage contains. (*Id.* at ¶ 22, ¶ 28, ¶ 46). Plaintiff does not aver that the sugar and

10 caloric content identified on the Miller Product's label is untrue.

11      In addition to the label, Plaintiff makes vague allegations that misrepresentations

12 are present in Defendant's marketing and/or advertisements. (ECF No. 1, ¶ 60-62, ¶¶

13 101-103). However, Plaintiff does not identify these purportedly "false and misleading

14 advertising" statements, when they were made, where these representations appeared,

15 and whether Plaintiff even saw these statements. Plaintiff fails to identify with

16 specificity any purported "digital, print and/or social media" advertising efforts. (*Id.* at

17 ¶ 60).

18      To state a claim based upon alleged false advertising, Rule 9(b) requires Plaintiff

19 to plead more particularity about those representations. *See Kearns,* 567 F.3d at 1126

20 ("*Kearns* fails to allege in any of his complaints the particular circumstances

21 surrounding such representations…[n]or did *Kearns* specify when he was exposed to

22 them or which ones he found material"); *see also In Re Njoy, Inc. Consumer Class*

23 *Action Litigation,* 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014). Due to

24 Plaintiff's failure to plead fraud with particularity, just grounds exist to dismiss all of his

25 causes of action pursuant to Fed. R. Civ. P. 9(b).

26 **D.   Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

27      Should the Court determine that Plaintiff satisfied the heightened pleading

28 requirements under Rule 9(b), dismissal is appropriate under Federal Rule of Civil

-9-                              Case No. 3:23-cv-03540-TLT

1   Procedure 12(b)(6) because the Complaint lacks a cognizable legal theory or sufficient

2   facts to support a cognizable legal theory. *See, e.g., City of Arcadia v. U.S. Env't. Prot.*

3   *Agency,* 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citation omitted).  Although factual

4   allegations are accepted as true, courts "do not assume the truth of legal conclusions

5   merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,*

6   649 F.3d 1061, 1064 (9th Cir. 2011) (quotation omitted).  Under the Supreme Court's

7   heightened plausibility standard for pleading, a complaint must contain more than

8   "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"

9   to survive dismissal. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

10  *Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  The complaint must allege sufficient

11  facts to "state a claim to relief that is plausible on its face." *Id.*  "The plausibility

12  standard . . . asks for more than a sheer possibility that a defendant has acted

13  unlawfully." *Id.* (citation omitted).

14      **1.   <u>Plaintiff's Claims For Violations Of The UCL, FAL, And CLRA Fail</u>**

15  **<u>To Allege Facts That Would Establish A Reasonable Person Is Likely</u>**
    **<u>To Be Deceived By ABUSA'S Conduct</u>**

16      It is well-settled that claims under the UCL, FAL, and CLRA "are governed by the

17  'reasonable consumer' test." *Dinan v. SanDisk LLC*, 2020 WL 364277, at *6 (N.D. Cal.

18  Jan. 22, 2020), *aff'd* 844 F. App'x 978 (9th Cir. 2021) (quoting *Becerra v. Dr. Pepper/Seven*

19  *Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019); *see also Ebner v. Fresh, Inc.*, 838 F.3d 958,

20  963 (9th Cir. 2016); *Stewart v. Kodiak Cakes, LLC*, 537 F.Supp.3d 1103, 1137 (S.D. Cal.

21  2021) (reasonable consumer test applies to CLRA claims).  "To satisfy this test, a plaintiff

22  must show [] that members of the public are likely to be deceived" by the challenged

23  conduct. *Id.* (citations omitted).

24      Despite this well-established test, Plaintiff's Complaint is devoid of any factual

25  allegations concerning whether and how consumers are deceived by the use of "Lite" in

26  the advertising for and label on the Miller Product. *See Ebner*, 838 F.3d at 965 (mere

27  possibility of consumers would be deceived is insufficient to establish reasonable

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

consumer test). While Plaintiff avers general deceptive or misleading conduct (ECF No. 1, ¶ 39, ¶ 62, ¶ 68, ¶ 83, ¶95, ¶97, ¶¶ 101-103), he fails to assert facts that would establish a reasonable consumer could be deceived by the use of the term "Lite."

In *Truxel v. General Mills Sales, Inc.*, No. 16-CV-04957, 2019 WL 3940956 (N.D. Cal. Aug. 13, 2019), the court rejected a theory similar to the one Plaintiff advances. Plaintiff claims the Miller Product's label is deceptive to members of the public because the Miller Product contains more sugar and calories than expected. (ECF No. 1, ¶ 95). However, Plaintiff does not dispute, and indeed admits, that this same label informs members of the public of the Miller Product's actual sugar and calorie content. (*See id.* at ¶¶ 22, 46). As the *Truxel* court held, a plaintiff "cannot plausibly claim to be misled" about a product's sugar or caloric content when a defendant "provided them with all truthful and required objective facts about its products...." *Id.* at *4, *see also Clark v. Perfect Bar, LLC*, No. 18-CV-06006-WHA, 2018 WL 7048788 at *1 (N.D. Cal. Dec. 21, 2018). ABUSA clearly and truthfully provided Plaintiff, and all consumers, with the "objective facts" relating to the Miller Product's sugar and caloric content. (ECF No. 1, ¶¶ 22, 46). Plaintiff does not aver that these objective facts were untrue. Accordingly, Plaintiff's "theory of the case" is "an untenable application of the reasonable consumer standard." *Truxel,* 2019 WL 3940956, *4.

### a. <u>The Miller Product Label Clearly Discloses The Sugar And Calorie Content</u>

Plaintiff alleges that, due to the inclusion of the word "Lite," consumers "believed the [Miller] Product was low in sugar and calories and lower in sugar and calories than comparable beverages," based on Defendant's allegedly "false representations and omissions." (*See id.* 1, ¶ 95) This purported "belief" is clearly conjectural and does not substitute for the requisite facts. In *Cruz v. Anheuser-Busch, LLC*, No. 14-CV-09670-AB-AS, 2015 WL 3561536, at *8 (C.D. Cal. June 3, 2015), the court rejected similar deception claims reasoning that "the adjective 'light' appears to be a descriptor that compares one product of lower calorie intake to another similar product of full calorie intake. For

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   example, a product like Miller has a lower calorie alternative, Miller Lite.  Coca–Cola has

2   its lower calorie alternative, Diet Coke." *Id.* (internal citations omitted).

3          The *Cruz* court explained "[i]t is evident that a 'light' product signifies a lower

4   calorie option which one would reasonably measure against the product's full calorie

5   counterpart." *Id.*  In *Cruz*, the plaintiffs brought a putative class action against Anheuser–

6   Busch, relating to certain Bud Light Lime Lime–A–Rita products that displayed the Bud

7   Light Lime logo and alleged that incorporating the word "light" on the products was

8   misleading because it created an impression that these products were low in calories and

9   carbohydrates.  The court concluded without another full calorie product to compare the

10  "light" version to, the court could not conclude that the product's use of the term "light"

11  was deceptive.  "Without a full calorie counterpart, Plaintiffs' allegations fail to state an

12  adequate claim. … Plaintiffs' complaint does not adequately allege a claim where a

13  reasonable consumer is likely to be deceived ..." *Id.*

14         A consumer protection claim cannot be premised on "unreasonable or fanciful

15  interpretations of labels or other advertising" and, where it is, dismissal is appropriate.

16  *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882-83 (9th Cir. 2021) (quotation omitted).  Here,

17  Plaintiff claims that he purchased the Miller Product "believ[ing] [it] was low in sugar and

18  calories, and lower in sugar and calories than comparable beverages." (ECF No. 1, ¶ 59);

19  however, Plaintiff's claims are premised upon an unreasonable interpretation because the

20  Miller Product's accurate calorie and sugar content is on its packaging (ECF No. 1, ¶¶ 22,

21  46).  Further, Plaintiff failed to identify any purported comparable beverage or "full calorie

22  counterpart." *Cruz*, 2015 WL 3561536, at *8.

23            b.    **The Miller Product Has Far Less Calories Than The Full Calorie**
                    **Version**
24

25         Moreover, as recognized in *Cruz*, a product identified as "light" should be

26  "reasonably measure[d] against the product's full calorie counterpart." *Id.*  Because the

27  Complaint specifically references ABUSA's multiple products (ECF No. 1, ¶ 53), this

28  Court may consider whether any actual comparative products exist.  The Complaint alleges

                                              -12-              Case No. 3:23-cv-03540-TLT

1    the label's use of the word "LITE" conveys to a reasonable consumer a comparison to

2    another similar product (ECF No. 1, ¶¶ 31-32).  ABUSA makes two versions of its Arnold

3    Palmer Half and Half Iced Tea and Lemonade drink – a higher caloric beverage (the "Full

4    Calorie AP Product") and the Miller Product (the "lite" version). Each of the products

5    include a nutrition facts label and the listed nutrition facts are undisputed and meet the

6    centrality requirement, as the Miller Product's nutrition contents serve as the basis for

7    Plaintiff's claims. *See Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1058-59

8    (E.D. Cal. 2010).  Thus, this Court can consider such facts on a motion to dismiss without

9    converting it into a motion for summary judgment.

10          As disclosed in the nutrition facts label, the Full Calorie AP Product contains 180

11   calories per 16.9 fluid ounces,[1] which translates into approximately 10.65 calories per fluid

12   ounce.  The Miller Product, which is marketed as a lighter version, contains 80 calories per

13   12 ounces, which translates into approximately 6.6 calories per fluid ounce (see copies of

14   front and back of Miller Product labels, ECF No. 1, ¶¶ 7 and 22).

15          Therefore, the Miller Product has approximately 37.5% less calories than the Full

16   Calorie AP Product, and is accurately depicted as a lighter, lower calorie version.

17   Accordingly, there is no plausible deception.  Objectively, no reasonable consumer could

18

19          [1]https://www.amazon.com/Arizona-Cocktail-Beverage-Plastic-
     Bottles/dp/B07FQSMNRQ

20

21

22   

23

24

25

26

27

28

Case No. 3:23-cv-03540-TLT

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    be deceived by the Miller Product's usage of the word "LITE" in the product name because

2    it is objectively a lower calorie version when compared to the Full Calorie AP Product.

3    Because the Complaint alleges no facts that, if accepted as true, could satisfy the reasonable

4    consumer test, Plaintiff fails to state a claim under the UCL, FAL, and CLRA.

5        **2.    <u>The UCL Claim, For Unfair Conduct, In Count One, Fails to Plead</u>

6              <u>Required Facts To State A Claim</u>**

7            In addition to failing to satisfy the reasonable consumer test, each of Plaintiff's

8    UCL claims fail to state a cognizable theory.  There is a split of authority as to the test

9    for unfairness under the UCL with three potential applicable tests applied by the courts

10   in California:

11               The first test requires "that the public policy which is a predicate
                 to a consumer unfair competition action under the 'unfair' prong
12               of the UCL must be tethered to specific constitutional, statutory,
                 or regulatory provisions."  [*Id.*; citations omitted].
13

14               The second test asks "whether the alleged business practice 'is
                 immoral, unethical, oppressive, unscrupulous or substantially
15               injurious to consumers and requires the court to weigh the utility
                 of the defendant's conduct against the gravity of the harm to the
16               alleged victim.'" [Id; citations omitted].
17

18               The third test draws on the "unfair" definition in the Federal
                 Trade Commission Act under the Federal Trade Commission and
19               requires that "(1) the consumer injury must be substantial; (2) the
                 injury must not be outweighed by any countervailing benefits to
20               consumers or competition; and (3) it must be an injury that
                 consumers themselves could not reasonably have avoided."
21               [*Stewart v. Kodiac Cakes, LLC*, 537 F.Supp.3d 1103, 1156 (S.D.
                 Cal. 2021) (citations omitted)].
22

23

24           The sole basis for Plaintiff's claim under the unfair prong is the bare assertion

25   that "Defendant's conduct was unfair and fraudulent because it made materially false

26   representations and omissions that caused consumers to believe the Miller Product was

27   low in sugar and calories and lower in sugar and calories than comparable beverages."

28   (ECF No. 1, ¶ 95).  Plaintiff does not allege any facts that would establish unfair conduct

-14-                           Case No. 3:23-cv-03540-TLT

1    under any of the applicable tests.  Plaintiff does not aver any details concerning: (1) any

2    public policy that is allegedly violated by ABUSA's conduct, much less one that is

3    rooted in any "constitutional, statutory or regulatory provisions"; (2) allegedly immoral

4    or unethical conduct that has injured consumers and which requires the court to balance

5    the utility of the alleged conduct against the gravity of the alleged harm; or (3) the

6    existence of any "substantial" injury that could not be "reasonably" avoided.  Plaintiff

7    offers the above conclusory statement, without alleging any factual support, which is

8    only an unadorned conclusion.  *Id.*

9         In addition, Plaintiff's allegations of unfair conduct are the same as those allegedly

10   giving rise to his claims of unlawful and fraudulent conduct.  As outlined above and below,

11   the latter claims fail and, as a result, Plaintiff's unlawful prong claim does as well.  *See*

12   *Hadley*, 243 F.Supp.3d at 1104-05 (N.D. Cal 2017) ("where the unfair business practices

13   alleged under the unfair prong of the UCL overlap entirely with the business practice

14   addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong [claim]

15   cannot survive if the claims under the other two prongs of the UCL do not survive.").  As

16   Plaintiff's generalized allegations do not come close to alleging sufficient facts to state

17   a claim under any of the aforementioned tests for unfair conduct under the UCL,

18   Plaintiff has failed to state a claim for unfair conduct in violation of the UCL and dismissal

19   of that claim is proper.

20      3.   **The UCL Claim For Unlawful Conduct Fails Because Plaintiff Does
             Not Plead A Predicate Violation Of The Law**

21

22        To support a claim under the "unlawful" prong of the UCL, a plaintiff must

23   adequately plead a predicate violation of the law.  *Lopes v. Washington Mut. Bank, FA*,

24   302 F.3d 900, 907 (9th Cir. 2002).  Plaintiff's UCL claim for violation of the unlawful

25   prong fails to adequately plead any facts in support of the claimed law violations.  (ECF

26   No. 1, ¶¶ 91-94).  Plaintiff avers in the most basic and conclusory terms that Defendant

27   violated the Federal Food, Drug, and Cosmetic Act, FAL, the CLRA, and the Sherman

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Law (*see* ECF No. 1, ¶ 94).   However, Plaintiff does not allege any facts that would establish  any alleged violations of these laws.   Instead, Plaintiff merely offers "[e]ach of the challenged  statements  and omissions  made and actions  taken by Defendant *as described herein* violates the FFDA, FAL and Sherman Law...." (*Id.*, emphasis added). Plaintiff's Complaint is, however, silent with respect to what "statements and omissions" or "actions" Defendant allegedly made.   Instead, Plaintiff offers nothing more than hollow, self-serving legal conclusions.   As detailed above, Plaintiff's UCL, FAL, and CLRA claims fail under the reasonable consumer test. (*See* Section III.D.1)   Moreover, as detailed *infra* (*see* Section III.D.6-8), Plaintiff's express and implied warranty claims fail.   And, while Plaintiff avers six provisions of the Sherman Law that ABUSA allegedly violated, Plaintiff failed to allege any facts to support such legal conclusions. (ECF No. 1, ¶ 93).   Due to Plaintiff's failure to adequately allege any predicate violation of the law, he fails to state a claim under the unlawful prong of the UCL.

**4.    Plaintiff's CLRA Cause Of Action Fails To State A Claim Because It Is Inadequately Pled**

Plaintiff asserts Defendant violated three sections of the CLRA, Civil Code sections 1770(a)(5), (9), and (16). (ECF No. 1, ¶ 105-109).   However, Plaintiff's barebones allegations are solely comprised of legal conclusions, unsupported by any alleged facts. Plaintiff avers that Defendant violated the CLRA because: (1) "Defendant represented that the Product had characteristics, attributes, features, capabilities, uses, benefits, and qualities it did not have;" (2) "Defendant advertised the Product with an intent not to sell it as advertised;" and (3) "Defendant represented that the Product had been supplied in accordance with its previous representations, when it was not." (ECF No. 1, ¶ 106(a)-(c)). These are mere recitations of the CLRA provisions ABUSA allegedly violated.   Plaintiff does not, however, allege any facts in support of these theories.

Plaintiff does not aver: (1) what specific representations Defendant allegedly made regarding what "characteristics, attributes, features, capabilities, uses, benefits, and qualities" the Miller Product has; (2)  when and by what means Defendant purportedly

-16-                        Case No. 3:23-cv-03540-TLT

1   "advertised the Product;" (3) what information was purportedly contained in any such

2   advertising; and (4) what representations Defendant purportedly made concerning the

3   Product when it was supplied.  Instead, Plaintiff avers that because the Miller Product

4   contained the term "Lite," he understood or believed the product was low in sugar and

5   calories or lower in sugar and calories than certain unidentified comparable beverages.

6   (ECF No. 1, ¶ 59).  There can be no dispute, the label does not state that the Miller

7   Product is "low in calories" or "low in sugar." (ECF No. 1, ¶ 22, ¶ 46).

8        Moreover, Plaintiff's position concerning the alleged CLRA violations is rebutted

9   by Plaintiff's admission that Miller Product's label actually informed Plaintiff (and all

10  consumers) about the Miller Product's true sugar and calorie content.  Thus, all pertinent

11  nutritional content information was provided and available to Plaintiff. (ECF No. 1, ¶

12  22, ¶ 28, ¶ 46)  Plaintiff admits the Miller Product's label provides the actual sugar and

13  caloric content.  (*Id.*).   Any claim that Defendant's conduct misrepresented the Miller

14  Product cannot stand.  *See Truxel*, 2019 WL 3940956  at *4; *see also Hadley*, 243

15  F.Supp.3d at 1092 (dismissing CLRA claim for because plaintiff did not adequately plead

16  a basis to contend a label was misleading).  Consequently, Plaintiff fails to state a claim,

17  under the CLRA, that Defendant engaged in any deceptive conduct.

18      **5.    Plaintiff Fails To State A Claim For Equitable Relief As He Has Not
             Plead He Lacks An Adequate Remedy At Law**

19

20       The Ninth Circuit has held that "a federal court must apply traditional equitable

21  principles before awarding restitution under the UCL and CLRA." *Sonner v. Premier

22  Nutrition Corporation*, 971 F.3d 834, 841 (9th Cir. 2020).   In doing so, the court

23  affirmed the dismissal of a complaint by the trial court ruling that a plaintiff "must

24  establish that she lacks an adequate remedy at law before securing equitable restitution

25  for past harm under the UCL and CLRA." *Id.* at 844.

26       Subsequent courts have applied *Sonner* to dismiss equitable claims seeking

27  restitution when unaccompanied by plausible allegations that the plaintiffs lack an

28  adequate remedy at law. *See Roffman v. Rebbl, Inc.*, No. 22-CV-05290-JSW,

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2023 WL 1420724, at *6 (N.D. Cal.  Jan. 31, 2023) (dismissing plaintiff's claims for equitable relief); *Hanscom v. Reynolds Consumer Prod.  LLC*, No. 21-CV-03434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (same); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC,  2021 WL 3487117, at *13 (N.D. Cal.   Aug. 9, 2021) (dismissing claims for restitution and disgorgement); *see also Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (dismissing claims for equitable relief because the complaint failed to provide a theory that differs in any meaningful way from the plaintiffs' claims for damages and failed to allege plaintiffs lacked an adequate remedy at law).

Plaintiff seeks restitution under the UCL,  FAL, and CLRA and in conjunction with his unjust enrichment claim. (*See id.*, ¶ 104, ¶ 124, and Prayer for Relief Par. D). All of Plaintiff's claims for relief are based upon the same alleged conduct in that Plaintiff alleges financial harm and/or losing money as a result of Defendant's conduct. (*See id.*, ¶¶ 62-63, ¶ 98).  Where the alleged injury is a loss of money, money damages are an adequate remedy. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D. Cal. 2021) (rejecting plaintiffs' argument that damages are not an adequate remedy for harm resulting in loss of money); *see also Garrison v. Whole Foods Market Group, Inc.,* 13-cv-05222-VC, 2014 WL 2451290, at *6 (N.D. Cal.   June 2, 2014) (holding that a claim for unjust enrichment, that duplicates a plaintiff's claim under other statutes or the common law, may be dismissed).

However, Plaintiff does not allege the lack of an adequate remedy at law.  To the contrary, Plaintiff specifically alleges that he intends to "add claims for monetary relief" under the CLRA.  Thus, as shown by Plaintiff's own pleading, and pursuant to the rationale under *Sonner*, dismissal of all claims for equitable relief in the form of restitution and unjust enrichment is required.

6.   **Plaintiff Failed To Properly Plead A Breach Of Express Warranty Claim**

To maintain a breach of express warranty claim, a plaintiff is required to allege

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   facts that show:  (1) "[the seller] made an affirmation of fact or promise or provided a

2   description of its goods; (2) the promise or description formed part of the basis of the

3   bargain; (3) the express warranty was breached; and (4) the breach caused injury to the

4   plaintiff." *Nacarino v. KSF Acquisition Corp.*, 642 F.Supp.3d 1074,1085-86 (N.D. Cal.

5   2002) (quotation omitted).  Further, "[t]o constitute a warranty and be actionable, the

6   statement must be specific and unequivocal."  *Id.* at 1086 (quotation omitted).

7       Plaintiff avers that "[t]he Product was ...sold by Defendant and expressly and

8   impliedly warranted to Plaintiff that it was low in sugar and calories and lower in sugar

9   and calories than comparable beverages." (ECF No. 1, ¶ 110).  Plaintiff fails, however,

10  to allege the presence of any specific or unequivocal statement ABUSA purportedly

11  made that would amount to an express affirmation of fact or promise or description of

12  the Miller Product being "low in sugar and calories and lower in sugar and calories than

13  comparable beverages."  To the contrary, as noted above, there are no such statements

14  on the Miller Product.

15      Instead, Plaintiff generally makes reference to the term "Lite" that is contained

16  within the Miller Product's name and avers that he understood such word to mean the

17  Product was "low in sugar and calories and lower in sugar and calories than comparable

18  beverages."  (*Id.* at ¶ 113).  Plaintiff's subjective belief or interpretation of the term

19  "Lite" does not equate to ABUSA making a "specific and unequivocal" statement that

20  the Miller Product is low/lower in sugar and calories.  Low sugar and low calorie

21  representations simply do not exist anywhere on the Miller Product's label.  Since no

22  such representations were made, they clearly did not form part of the basis of the

23  bargain.  For these reasons, Plaintiff failed to adequately plead the existence of any

24  express warranty and the claim should be dismissed.  *See Watkins v. MGA*

25  *Entertainment, Inc.*, 550 F.Supp.3d 815, 830 (N.D. Cal. 2021) (dismissing express

26  warranty claim for plaintiff's failure to identify an "unequivocal" statement).

27

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 7.   Plaintiff's Implied Warranty Claim Fails Because Plaintiff Lacks Vertical Privity With ABUSA

Plaintiff's Fourth Claim includes a claim for breach of the implied warranties of merchantability and fitness for a particular purpose. (ECF No. 1, ¶¶ 110-123).   In California, a plaintiff seeking redress for an alleged breach of implied warranty is required to be in privity with the party that committed the alleged breach. *See Moran v. Edgewell Personal Care, LLC*, No. 21-CV-07669-RS, 2022 WL 3046906, *2 (N.D. Cal., Aug. 2, 2022) (dismissing implied warranty claim for lack of privity); *DeArmey v. Hawaiian Isles Kona Coffee Co.*, No 8:19-CV-00432, 2019 WL 6723413, *5-6 (C.D. Cal., July 22, 2019) (same and limiting exception to privity requirement to express warranty claims).   Here, Plaintiff's Complaint does not allege this required element. (*See generally*, ECF No. 1, ¶¶ 110-123).   Instead, Plaintiff generally avers that he purchased the Miller Product "at stores of the type people buy such beverages." (ECF No. 1, ¶ 58).   Because Plaintiff pled no facts that could establish privity with ABUSA, Plaintiff failed to properly plead an implied warranty claim, and therefore, it must be dismissed.

### 8.   Plaintiff's Implied Warranty Claim Fails For Three Additional Reasons

Separately, Plaintiff's implied warranty claim fails because: (1) Plaintiff has not adequately alleged that the Miller Product is not merchantable; (2) Plaintiff has not adequately alleged that the Miller Product is not fit for a particular purpose; and (3) Plaintiff's implied warranty claim is predicated on the same purported affirmation of fact as the purported breach of express warranty and fails for the same reasons the latter claim fails.   "The California Commercial Code implies a warranty of merchantability that goods 'are fit for ordinary purposes for which such goods are used.'" *Liou v. Organifi, LLC*, 491 F.Supp.3d 740, 748-49 (S.D. Cal. 2020) (citation and quotation omitted). "Thus, an implied warranty of merchantability 'provides for a minimum level of quality,' and 'a breach of the warranty of merchantability occurs if the product lacks

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   even the most basic degree of fitness for ordinary use.'" *Id.* at 749 (internal citations

2   and quotation marks omitted). "[A]n 'implied warranty of fitness for a particular

3   purpose arises when a 'seller at the time of contracting has reason to know any particular

4   purpose for which the goods are required and that the buyer is relying on the seller's

5   skill or judgment to select or furnish suitable goods,' which are fit for such purpose.'"

6   *Id.* (internal citations and quotation marks omitted).  Here, both claims fail for several

7   reasons.

8        First, Plaintiff fails to allege how the Miller Product "does not provide for even

9   a minimum level of quality or lacks the most basic degree of fitness for ordinary use."

10  *Id.*  Here, the ordinary use of the Miller Product is a drink "and there is no indication

11  that Plaintiff received anything other than a [drink].  *Id.*  Thus, to the extent the Miller

12  Product carried an implied warranty of merchantability owed to Plaintiff, the warranty

13  was not breached.

14       Second, Plaintiff fails to plead facts that, if proven, would establish a breach of

15  the implied warranty of fitness for a particular purpose.  The Complaint does not allege

16  that the Product was intended for any particular purpose.  Plaintiff attempts to combat

17  this issue by claiming that he purchased the Miller Product because he subjectively

18  believed it was low in sugar and calories.  (*See* ECF No. 1 at ¶ 123).  Plaintiff's

19  subjective expectation does not establish the particular purpose element.  Moreover,

20  Plaintiff overlooks that the Miller Product's label identified the drink's sugar and caloric

21  content. (ECF No. 1 at ¶¶ 22, 46).  Plaintiff does not allege the sugar and caloric content

22  listed on the Miller Product's label as being untrue.  In short, Plaintiff has not (and

23  cannot) allege any facts to establish "any particular purpose for which the [Product is]

24  required."  *Liou*, 491 F.Supp.3d at 749; *Watkins*, 550 F.Supp.3d at 832 (dismissing

25  implied warranty claim because plaintiff failed to plead "particular purpose" element).

26       Third, under *Cimoli v. Alacer Corp.*, 546 F.Supp.3d 897, 905 (N.D. Cal. 2021)

27  when express and implied warranty claims are predicated on the same alleged

28  "affirmation of fact or promise," the implied warranty claim will "rise[] and fall[]" with

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   the express warranty claim.  As detailed above, because Plaintiff's express warranty

2   claim fails, so too does his implied warranty claim since they are both predicated on the

3   same "affirmation of fact or promise."

4         **9.**    **Plaintiff Fails To State A Claim For Unjust Enrichment As: (a) No**

            **Such Cause Of Action Exists; (b) It Is Duplicative Of Other Claims;**

5               **And (c) Lacks Requisite Facts**

6         Plaintiff's fifth cause of action is for "Unjust Enrichment."  (Compl. at ¶124.)

7   However, as stated in *Astiana v. Hain Celestial*, 783 F.3d 753, 762 (9th Cir. 2015), "in

8   California, there is not a standalone cause of action for 'unjust enrichment,' which is

9   synonymous with 'restitution'."  *Id.* (citing and quoting *Durell v. Sharp Healthcare,*

10  183 Cal.  App. 4th 1350 (2010) and *Jogani v. Superior Court,* 165 Cal.  App. 4th 901,

11  910 (2008)); *see also In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1176 (N.D.

12  Cal. 2015) ("[t]he weight of authority in California state and federal court decisions is

13  that unjust enrichment does not state an independent claim under California law).  The

14  Ninth Circuit in *Astiana* held that when a plaintiff alleges unjust enrichment, "a court

15  may 'construe the cause of action as a quasi-contract claim seeking restitution.'"

16  *Astiana*, 783 F.3d at 762. (citing and quoting *Rutherford Holdings, LLC v. Plaza Del*

17  *Rey,* 223 Cal.  App. 4th 221, 230 (2014)).

18        Separate and apart from whether it is a cognizable claim, courts regularly dismiss

19  claims for unjust enrichment, where, as here, the claim is "merely duplicative" of other

20  claims that seek restitution.  *Robie v. Trader Joe's Co.*, 2021 WL 2548960, at *7 (N.D.

21  Cal. June 14, 2021); *see also Lamke v. Sunstate Equip. Co., LLC* 387 F. Supp. 2d 1044,

22  1047 (N.D. Cal. 2004) (quoting 2-12 Moore's Fed. Practice § 12.37[3] ("[c]ourts will

23  strike a claim as 'redundant' when it essentially repeats another claim in the same

24  complaint")).

25        Plaintiff avers that Defendant "obtained benefits and monies because the [Miller]

26  Product was not as represented and expected, to the detriment and impoverishment of

27  Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained

28

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

profits." (ECF No. 1, ¶ 124)   The same allegations form the basis of Plaintiff's UCL and FAL claims. (*See id.*, ¶¶ 95-98, ¶¶101-104, and Prayer for Relief Par. D).   The unjust enrichment claim is duplicative of Plaintiff's UCL and FAL claims because it is based on the same alleged conduct, allegedly deceptive labels, and seeks the same relief.   It is completely duplicative of the UCL and FAL claims.

Lastly, the unjust enrichment claims fails because Plaintiff does not plead facts demonstrating Defendant's "receipt of a benefit and [the] unjust retention of the benefit at the expense of [Plaintiff]." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (citation and quotation marks omitted; second alteration added); *see also Troyk v. Farmers Crp., Inc.*, 171 Cal. App. 4th 1305, 1339 (2009) ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other.  A person is enriched if he receives a benefit at another's expense") (citation and quotation marks omitted).   Here, Plaintiff has not alleged facts to establish that Defendant received any benefit such that it was unjustly enriched at Plaintiff's expense.

For any one of these three reasons, the unjust enrichment claim must be dismissed.

### 10.   The Complaint Does Not Plead Any Basis for the Recovery of Punitive Damages

Plaintiff seeks to recover punitive damages. (ECF No. 1, Prayer for Relief Par. F).  Such demand, however, is not directly tied to any specific cause of action.  Rather, Plaintiff identifies such damages as a standalone paragraph in his Prayer for Relief. (*Id.*).  In California, "[p]unitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1086 (E.D. Cal. 2012) (citation omitted).  Moreover, to establish a punitive damages claim, a party cannot merely aver certain acts "were 'arbitrary, capricious, fraudulent, wrongful and unlawful,'" since such averments "constitute mere conclusions of law." *Id.* (quotation omitted); *see also Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872 (1977) ("conclusory

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   characterization of defendant's conduct as intentional, willful and fraudulent is a
2   patently insufficient statement of 'oppression, fraud, or malice, express or implied,'
3   within the meaning of section 3294").

4       Here, Plaintiff's complaint is devoid of any averments that could otherwise
5   support a claim to punitive damages.  Plaintiff's generic averments of fraudulent
6   conduct (ECF No. 1, ¶ 90, ¶ 95, ¶ 99) and alleged CLRA violations (*see id.* ¶¶ 105-109)
7   asserted in the Complaint simply to not rise to the level of willful and wanton conduct
8   that may entitle a party to punitive damages.  Moreover, punitive damages are not
9   recoverable under the UCL or FAL nor are they recoverable for breach of express or
10  implied warranty claims or unjust enrichment, i.e., restitution, claims. *Brown v. Food*
11  *for Life Baking Co.*, No. 21-CV-10054-TLT, 2023 WL 2637407, at *7 (N.D. Cal. Feb.
12  28, 2023) ("Punitive damages are not available under the UCL and FAL.") (citing
13  *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020));
14  *Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1082 (N.D. Cal. 2012) (finding
15  punitive damages "are not recoverable" under "California's UCL").  Pursuant to Rule
16  12(b)(6), dismissal of Plaintiff's demand for punitive damages is warranted.

17                              **IV.  <u>CONCLUSION</u>**

18      Because Plaintiff failed to adequately plead an injury-in-fact, Plaintiff lacks
19  Article III standing; alternatively, Plaintiff lacks standing to pursue injunctive relief
20  since he does not allege a real and immediate threat of future harm.  Moreover, dismissal
21  is appropriate because, Plaintiff failed to particularize the "what," "where," "when,"
22  and "how" of ABUSA's alleged fraudulent conduct as required by Rule 9(b).  Plaintiff's
23  UCL, FAL, and CLRA claims fail because Plaintiff failed to plead facts establishing a
24  "reasonable consumer" is likely to be deceived by ABUSA's alleged conduct.
25  Alternatively, Plaintiff's claims for violations of the unfair and unlawful prong of the
26  UCL independently fail because: (1) Plaintiff failed to allege facts that would constitute
27  unfair conduct and (2) Plaintiff did not properly plead a predicate violation of the law.
28  Plaintiff's CLRA claim fails because it is inadequately pled.  Plaintiff's claim for

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  equitable relief in the form of restitution fails because Plaintiff did not assert an

2  inadequate remedy at law exists.  Plaintiff's express warranty claims fail since Plaintiff

3  did not identify any specific and unequivocal statement.  Plaintiff's implied warranty

4  claim fails because Plaintiff lacks vertical privity with ABUSA, Plaintiff did not plead

5  the Miller Product is not merchantable or not fit for an ordinary purpose, and Plaintiff

6  failed to establish an express warranty.  Plaintiff's unjust enrichment claim fails because

7  California does not recognize this cause of action, it is duplicative of other claims and

8  it is insufficiently pled.  Finally, the Complaint does not plead any basis for the recovery

9  for punitive damages.

10  Dated:  November 14, 2023

**STEVENS & LEE**

By:    /s/ Matthew C. Brunelli
        ROBERT PAUL DONOVAN
        MATTHEW C. BRUNELLI

**WILSON TURNER KOSMO LLP**
        MERYL C. MANEKER
        LETICIA C. BUTLER
        OLIVIA J. MINER

        Attorneys for Defendant,
        ARIZONA BEVERAGES USA LLC

DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF