UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MILLER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>　　　　Defendant. | Case No. 23-cv-03540-RFL<br><br>**ORDER GRANTING MOTION TO AMEND AND DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 35, 42 |

　　　　Miller's Motion to Amend (Dkt. No. 42) is granted and Arizona's Motion to Dismiss (Dkt. No. 35) is therefore denied as moot. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

　　　　At the Initial Case Management Conference, Judge Thompson set the case schedule in accordance with the parties' requested dates. (Dkt. Nos. 24, 30.) Specifically, Judge Thompson set the amended pleading deadline for November 13, 2023, and the motion to dismiss deadline for November 14, 2023. (Dkt. No. 30.) On November 14, Arizona filed its Motion to Dismiss. (Dkt. No. 35.) About two weeks later, this case was reassigned to this Court. (Dkt. No. 37.) The Reassignment Order vacated all hearing dates and certain pretrial conference and trial dates but stated that "all other deadlines associated with the case, will remain in place unless otherwise ordered." (*Id.*) On December 5, Miller filed his First Amended Complaint ("FAC"). (Dkt. No. 39.) Because the FAC was filed after the Court-set deadline, the Court struck the pleading without prejudice to Miller filing a motion for leave. (Dkt. No. 40.) Miller filed this Motion to Amend two days later. (Dkt. No. 42.)

　　　　Miller has shown good cause to modify the Court-set amended pleading deadline. *See*

1

Fed. R. Civ. P. 16(b)(4). The good cause standard under Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Miller has been sufficiently diligent.

Miller argues that he made two mistakes. First, he mistakenly agreed to a schedule that conflicted with Rule 15. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under 12(b)"). He states that his agreement to the schedule, which foreclosed his right to amend in response to Arizona's Motion to Dismiss, was unintentional and an oversight. Second, he mistakenly thought that the Court vacated the amended pleading deadline when the case was reassigned. He therefore filed the FAC in compliance with Rule 15, but not by the amended pleading deadline.

As shown above, the Reassignment Order did not vacate the deadline. However, these mistakes constitute excusable neglect, and Miller has otherwise been diligent in seeking amendment. He attempted to amend his complaint 22 days after the deadline — which, were it not for the scheduling order, would have been timely under Rule 15. After the Court struck Miller's attempted amendment, he promptly filed this Motion to Amend two days later. He has therefore shown good cause to modify the amended pleading deadline, and the amended pleading deadline is reset to March 8, 2024.

Having found good cause to modify the deadline under Rule 16, the Court turns to Rule 15 to determine whether to grant Miller leave to amend. Because Miller filed this Motion to Amend 23 days after Arizona's Motion to Dismiss, amendment is not permitted as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). However, Rule 15(a)(2) provides that, "[i]n all other cases," leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Amendment is appropriate under Rule 15(a)(2). There is no evidence here of undue delay, bad faith, dilatory motive, or prejudice. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227,

2

9 L.Ed.2d 222 (1962).  This is Miller's first amendment to his Complaint.  He filed this Motion to Amend two days after the Rule 15(a)(1) deadline and, as explained above, missed the deadline because of excusable neglect.  Arizona argues that it will be prejudiced because the FAC adds two new plaintiffs and will therefore necessitate additional discovery.  But the case is in its early stages, fact discovery does not close until October, and the FAC has been available to Arizona since December 5.  (Dkt. Nos. 30, 39.)  If necessary, the parties are also free to request a deadline extension pursuant to Civil Local Rule 6-1(b).  Accordingly, Arizona will not be prejudiced by Miller's amendment and Miller is granted leave to file the FAC.

In conclusion, Miller's Motion to Amend is **GRANTED** and the amended pleading deadline is extended to March 8, 2024.  Arizona's Motion to Dismiss is **DENIED AS MOOT**.  Miller shall file the FAC, currently on file as Docket Number 42-1, by March 8, 2024.  Arizona's responsive pleading is due 21 days after Miller files the FAC.

**IT IS SO ORDERED.**

Dated: March 1, 2024

RITA F. LIN
United States District Judge