UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MILLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARIZONA BEVERAGES USA LLC, <br><br> Defendant. | Case No.  23-cv-03540-RFL <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 56 |

Defendant Arizona Beverages sells an "Arnold Palmer Lite Half Iced Tea & Half Lemonade" drink.  Plaintiffs allege that the use of "Lite" on the front label is misleading because the drink is not low in sugar or calories, either in general or as compared to other drinks. Relying on that theory, Plaintiffs bring claims under California's Unfair Competition Law ("UCL"), False Advertising Law, and Consumers Legal Remedies Act.  Arizona moves to dismiss all claims in the First Amended Complaint ("FAC").  That Motion is granted with leave to amend.[1]  This order assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

*Article III Standing.*  As an initial matter, Plaintiffs do sufficiently allege standing. Economic injury is sufficiently alleged for the purposes of Article III standing.[2]  Plaintiffs allege that they "paid more for the Product than they would have had they known it was not low in

---

[1] Arizona asks the Court to take judicial notice of a 2023 opinion in a case it defended in this District that involved similar issues.  (Dkt. No. 56-1.)  Documents filed in district courts are matters of public record and therefore proper subjects of judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Arizona's request is granted.
[2] Plaintiffs' allegations are also sufficient to establish statutory standing under a benefit-of-the-bargain theory.  *See Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 885 (Cal. 2011) (plaintiff may establish economic injury by establishing that they "surrender in a transaction more, or acquire in a transaction less, than [they] otherwise would have").

sugar and calories" and that, had they known about the sugar content, they "would not have bought it or would have paid less." (Dkt. No. 55 ¶¶ 86–89.) Allegations that Plaintiffs "spent money that, absent defendant['s] actions, they would not have . . . is a quintessential injury-in-fact." *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011).

***Injunctive Relief.*** However, Plaintiffs lack standing to seek an injunction. Now that Plaintiffs know that the drink is not as low sugar as they once believed, and that the exact sugar content is written on the back label, they cannot claim to be misled the future. This is not a situation where consumers are unable to know on their own whether the representation is true. *Cf. Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 971 (9th Cir 2018) (finding standing for injunctive relief where the plaintiff had "no way of determining whether the representation 'flushable' is in fact true" as to the allegedly non-flushable "flushable wipes" at issue). Nor is it plausible for Plaintiffs to buy the drinks again in the future having "reasonably, but incorrectly, assume[d] the product was improved." *Id.* at 970. By looking to the back label, as Plaintiffs have learned, they can determine whether the drinks are truthfully "lite." Since Plaintiffs can "easily discover whether a previous misrepresentation had been cured without first buying the product at issue," they lack standing to pursue injunctive relief. *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021) ("Because Plaintiff knows that he can determine the Products' dosages by consulting the back labels, Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm."). The Motion to Dismiss Plaintiffs' claims for injunctive relief is granted.

***Equitable Relief.*** As discussed above, Plaintiffs lack standing to seek injunctive relief. The Court also lacks equitable jurisdiction over Plaintiffs' restitution claims. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020); *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist . . . if the plaintiff has no adequate legal remedy."). To seek restitution, Plaintiffs' factual allegations must provide a plausible basis to conclude that "the same amount of money for the exact same harm is inadequate or

incomplete[.]" *Sonner*, 971 F.3d at 844.  Nothing in the FAC suggests that monetary damages would be inadequate to make Plaintiffs whole for past harms.  Accordingly, the Motion to Dismiss the restitution claims is granted.

   ***Claim Viability.***  All of Plaintiffs' claims appear to depend on whether Arizona's labeling is likely to mislead a reasonable consumer.  *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Plaintiffs have not plausibly alleged that it is.

   In certain situations, the front label may be so misleading that it is actionable regardless of whether the overall packaging provides clarity.  In those cases, when the front label is "unambiguously deceptive," then "the presence of fine print revealing the truth is insufficient to dispel that deception."  *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023).

   "Lite" is not plausibly alleged to be unambiguously deceptive here.  Three possible meanings of the word "lite" are alleged in the FAC:  (1) low sugar, (2) low calorie, or (3) low calorie and/or sugar as compared to a reference drink.  (Dkt. No. 55 ¶¶ 55–63.)  Drawing all inferences in Plaintiffs' favor, it is plausible that "Lite" on the drink label here means low calorie or low sugar, which Plaintiffs have sufficiently alleged the drink is not.  (*See, e.g.*, *id.* ¶ 57.)  However, still drawing all inferences in Plaintiffs' favor, it is also plausible that "Lite" on the drink label here instead means only that the drink is *comparatively* lower in sugar or calories than a reference drink.  Plaintiffs do not sufficiently allege that this second interpretation is false.  They allege that the drink does not state a reference, but offer only conclusory allegations that the drink is in fact not low in sugar or calories as compared to reference beverages.  (*See id.* ¶¶ 68, 122.)  Indeed, to the contrary, Plaintiffs' allegation that the *20-ounce bottle* has "almost as many calories" as a *can* of soda may in fact support Arizona's argument that the "Lite" drink at issue is indeed comparatively lower in calories if compared to a soda as a reference drink.[3]  (*Id.*

_____

[3] Arizona seeks judicial notice of an Amazon.com webpage selling "Arizona Arnold Palmer Half Tea Lemonade, 16.9 Fl Oz, Pack of 20," to show that the "Lite" drink has 37.5% fewer calories than the appropriate reference beverage.  This request is denied because the accuracy of Amazon's webpage can reasonably be questioned.  Fed. R. Evid. 201.  While courts frequently take judicial notice of product packaging in product-labeling cases, the website Arizona puts forth does not concern the same product at issue in the FAC.  *Cf. Kanfer v. Pharmacare US, Inc.*,

¶ 69.)

Recognizing this ambiguity, a reasonable consumer could interpret the "Lite" labeling as either party urges.  Because it is ambiguous what level of sugar or calorie reduction the front label promises, the question becomes whether a reasonable consumer could be misled by the "Lite" representation after referencing the full label, including the back nutrition panel. *McGinity*, 69 F.4th at 1099; *see also DiGiacinto v. EuroPharma, Inc.*, No. 23-CV-00076-VC, 2023 WL 3643237, at *1 (N.D. Cal. May 25, 2023) ("Where the plaintiff has not adequately alleged that the front label is itself misleading, the fine print or the nutrition panel do not contradict that front label but instead clarify it.") (cleaned up).  Sugar content, added sugar content, and calories are all plainly printed on the back label's nutrition facts.  (Dkt. No. 55 ¶¶ 42, 44.)  After referencing the back label, no reasonable consumer could be confused about the amount of sugar or calories in the drink.  Plaintiffs therefore fail to plausibly allege that the drink label is false or misleading to reasonable consumers.  Arizona's Motion to Dismiss on that basis is granted.

**Rule 9(b).**  It is unclear whether the FAC asserts false advertising claims based on marketing representations outside of the label.  (*See* Dkt. No. 55 ¶¶ 126–28.)  To the extent that it does, those claims are inadequately pleaded under Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.") (cleaned up).  Representations contained within the label itself are pleaded with sufficient particularity, although they fail for the reasons described above.  The Motion to Dismiss is granted as to marketing apart from the label.

**Leave to Amend and Preemption.**  Although it appears doubtful that Plaintiffs could

142 F. Supp. 3d 1091, 1099 (S.D. Cal. 2015.)  The accuracy of the listed nutritional information and the question of whether the listed beverage is a counterpart to the Lite drink at issue cannot be accurately and readily determined from the Amazon webpage.

amend to correct the deficiencies above, Plaintiffs have not previously had the benefit of the Court's legal analysis of their claims, and the Court cannot conclude that amendment would necessary be futile on this record.  Accordingly, the dismissal is with leave to amend.

Amendment would not be rendered futile by Arizona's preemption argument.  Plaintiffs' state law challenges are not preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA") because they seek to impose identical requirements.  *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 808 (9th Cir. 2020) ("[P]rivate plaintiffs may bring only actions to enforce violations of *state laws* imposing requirements identical to those contained in the FDCA.") (cleaned up) (emphasis in original).  Sections 331 and 343 prohibit false or misleading labeling.  21 U.S.C. §§ 331(b), 343(a)(1).  And section 101.56 provides that "lite" may be used "without further qualification" if and only if certain requirements are met.  21 C.F.R. § 101.56.  One such requirement is that the "number of calories is reduced by at least one-third" as "compared to an appropriate reference food," the identity of which is "declared in immediate proximity to the most prominent such claim[.]"  *Id.* §§ 101.56(b)(2)(i)–(3)(i).  Plaintiffs allege that the "Lite" drink here does not list a reference food, in violation of this regulation.  (Dkt. No. 55 ¶¶ 59–70.) Since Plaintiffs therefore seek to enforce a state law labeling obligation identical to the FDCA requirement, the claims are not preempted.

\*     \*     \*

In sum, the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**.  If Plaintiffs wish to file a Second Amended Complaint, they must do so within thirty days.  If no amended complaint is filed within that deadline, the claims will remain dismissed, judgment will be entered in favor of Arizona Beverages, and the case will be closed.

**IT IS SO ORDERED.**

Dated: June 5, 2024

RITA F. LIN
United States District Judge